110 F.3d 715
 97 Cal. Daily Op. Serv. 2541, 97 Daily Journal
D.A.R. 4586
INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania
corporation, Plaintiff-Counter-Defendant-Appellee,
v.
HILTON HOTELS U.S.A., a Delaware corporation; Hilton Hotels
Corporation, a Delaware corporation; Hilton Nevada
Corporation, a Nevada corporation; Las Vegas Hilton
Corporation, a Nevada corporation,
Defendants-Counter-Claimants-Appellants.
 No. 96-16314.
 United States Court of Appeals,Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided April 4, 1997.
 
 Gail S. Cooper-Folb, Knapp, Petersen & Clarke, Glendale, CA, for defendants-appellants.
 Peter J. Mooney, White and Williams, Philadelphia, PA, for plaintiff-appellee.
 Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding. D.C. No. CV-94-00814-PMP.
 Before REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 As explained in the district court's published order, Insurance Co. of N. America v. Hilton Hotels U.S.A., 908 F.Supp. 809 (D.Nev.1995), this case arises from the Tailhook conventions held for Naval Aviators at the Las Vegas Hilton Hotel in Las Vegas, Nevada in September 1990 and September 1991. Twelve actions were filed in Nevada federal and state court against Hilton Hotels U.S.A., Inc., Hilton Hotels Corp., Hilton Gaming Corp. (formerly Hilton Nevada Corp.), and Las Vegas Hilton Corp. (collectively "Hilton") and the Tailhook Association ("Tailhook") arising from claims that women were sexually assaulted during these conventions. Each of the claimants alleged that some or all of the Hilton defendants were liable for failing to exercise due care in providing reasonable precautions and/or adequate security to prevent the occurrence of the alleged assaults. Id. at 812.
 
 
 2
 Insurance Company of North America ("INA") issued a policy of liability insurance (the "Tailhook Policy"), to Tailhook, which covered the period from May 6, 1990 through May 6, 1992. The policy defined an "insured" as follows:
 
 
 3
 Any person (other than your employee), or any organization while acting as your real estate manager.
 
 
 4
 Hilton sought coverage from INA arguing that Hilton was Tailhook's "real estate manager" and thus qualified as an insured under this provision. Hilton contended, at a minimum, that INA had a duty to defend it in the underlying actions arising from the 1990 and 1991 Tailhook conventions. Id.
 
 
 5
 INA sought a declaratory judgment in federal district court that Hilton was not an insured under the Tailhook policy and that INA therefore had no duty to defend Hilton in the underlying actions. The district court granted INA's motion for summary judgement, and denied Hilton's cross-motion for summary judgment. Hilton appeals.
 
 
 6
 The central issue in this appeal is whether the district court erred in granting summary judgment in favor of INA. We hold that it did not. For the reasons stated by the district court in its opinion published at 908 F.Supp. 809, there is no potential that Hilton was Tailhook's "real estate manager" within the meaning of the policy. Nor did any of the evidence proffered by Hilton create a genuine issue of material fact as to whether Hilton acted as Tailhook's "real estate manager." Also, the district court did not abuse its discretion in denying Hilton's request for additional discovery because Hilton had not diligently pursued its previous discovery opportunities.
 
 
 7
 AFFIRMED.